## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CR283 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DARROW FOWLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of defendant Darrow Fowler (Fowler) for leave to depose the government's expert (Filing No. 51).  The government opposes the motion.  The court held a hearing on the motion on May 24, 2011.  Fowler was present with his attorney, James C. Webering and the United States was represented by Assistant U.S. Attorney Sandra L. Denton.

The government intends to call an expert from University of Nebraska Medical Center (UNMC) to testify concerning DNA found on an item of evidence in this matter[1].  Fowler seeks to depose such witness prior to trial.  Fowler's counsel has investigated the concept of secondary DNA transfer and is prepared to ask for the appointment of an expert to testify about the principle of secondary DNA transfer as it may apply to Fowler's case.  Fowler's counsel has spoken with the government's expert who has acknowledged the concept of secondary DNA transfer.  Fowler's counsel has also determined there is material contained in learned treatises which support the concept.  However, Fowler's counsel is apprehensive as to whether the government's expert would so testify at time of trial.  In order to "pin" the expert down and provide a basis for impeachment, Fowler wishes to take the deposition of the expert pursuant to Rule 15 of the Federal Rules of Criminal Procedure.  The government

---

[1]  Although not before the court in this motion, Fowler may seek to hire an expert in microbiology from Ohio at considerable expense.  The government's expert witness has already acknowledged the concept of secondary DNA transfer which Fowler wishes to present to the jury.  Fowler's proposed expert would simply testify as to the concept of secondary DNA transfer and do no independent examination.  The concept is well acknowledged in the scientific field and there is abundant learned treatises on the subject.  Fowler has available these learned treatises and the cross-examination of the government's expert.  The expenditure of CJA funds to hire a microbiologist as Fowler suggests is unwarranted.

asserts such basis is not for the purpose of preserving testimony for trial and there are no exceptional circumstances warranting the taking of a deposition in a criminal case.

Rule 15, Fed. R. Crim. P., provides for the taking of a deposition in a criminal case but only for a prospective witness and to preserve such testimony for trial. The court must find exceptional circumstances and also find the taking of such a deposition would be in the interest of justice. Rule 15 is not a tool of discovery. *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977).

In this case, Fowler seeks to take the deposition of the government's expert in case the expert reneges on his statements at time of trial. Such purpose does not justify the taking of a deposition pursuant to Fed. R. Crim. P. 15. Fowler's motion for leave to take a deposition (Filing No. 51) is denied.

**IT IS SO ORDERED.**

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection

DATED this 24th day of May, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

2